# OLIVA

*v.*

# CALDERON.

---

San Juan, Equity, No. 977.

#### As to Setting Aside Judgment by Default.

Final Decree—Setting Aside.

    Where a final decree has been set aside for want of notice, an application will not be entertained to review this order on facts which could have been presented on the hearing of the motion to set aside.

Opinion filed January 15, 1918.

---

*Mr. J. R. F. Savage* for plaintiff.

*Mr. H. R. Francis* for defendants.

Hamilton, Judge, delivered the following opinion:

It appearing to the court that a condition precedent to granting the final decree of May 3, 1917, in this case having been the notification by the clerk to the defendants, and that this notification by some error was mailed to the wrong address, and defendants proving that they never received it, it appeared to the court that, although the decree had been entered at a former term, it was at least erroneous and the court was without jurisdiction, and therefore the decree should be held for naught.

Oliva v. Calderon.

The plaintiff on December 13 filed a motion to vacate this order as to the final decree heretofore rendered, alleging that the defendants had notice previously that such a decree would be asked for and had not appeared. In other words, the notice required to be issued by the clerk was not material, and so the fact that it did not reach the defendants was immaterial also.

It does not appear that this was true of the defendant Gonzalez. The affidavits introduced in support of the motion do not affect him one way or the other, and so the order should not be disturbed in regard to him.

As to the defendant Calderon, the affidavits of his attorney, Dexter, seem to show that the defendant was negligent in communicating with his solicitor, although the solicitor had clearly warned him of the consequence of such default. On the other hand, it is shown by affidavits on behalf of Calderon that he has been an invalid, and it would seem that there was some communication with the solicitor in regard to holding the matter open until another attorney could be employed. If this was the fact, and the affidavit of Mr. Dexter does not cover this subsequent situation, the default of Calderon is at least mitigated.

On the whole it would seem as if the payment of all the costs up to the time of filing the answer of the defendants would be sufficient penalty for them to suffer. Further, no reason appears why the facts now presented could not have been ascertained in time for presentation upon the question of setting aside on October 10, 1917, the final decree previously rendered.

It is not at all clear, therefore, that the action of the court

Oliva v. Calderon.

on December 6, 1917, vacating the final decree, was erroneous; the prerequisite to said final decree of May 3, to wit, notice to the defendants, not having been performed. It does not seem best to disturb the orders as they stand. The present motion is therefore denied.

It is so ordered.